```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS & ST. JOHN
```

VICTOR M. BOOTH, as Personal      )
Representative of the Estate      )
of STEPHEN M. BOOTH,              )
                                  )
            Plaintiff,            )     Civil No. 2006-217
                                  )
      v.                          )
                                  )
JEANNE BOWEN, Individually        )
and d/b/a Dive World, Dive        )
World, Inc., a Virgin Islands     )
Corporation, and MICHELLE         )
SKILLMAN,                         )
                                  )
            Defendants.           )
_____)

**ATTORNEYS:**

**Thomas H. Hart, III, Esq.**
St. Croix, U.S.V.I.
    *For the Plaintiff.*

**Leslie A. Kelley, Esq.**
St. Croix, U.S.V.I.
    *For the Defendants.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, Jeanne Bowen ("Bowen"), individually and d/b/a Dive World, Inc. ("Dive World"), and Michelle Skillman ("Skillman") (together, the "Defendants"), for partial summary judgment against the plaintiff, Victor M. Booth (the "Plaintiff"), as personal representative of the estate of Stephen M. Booth ("Booth"), as to the negligence claim asserted in Count II of the complaint.  For the reasons stated below, the Court will grant the motion.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2004, Booth participated in an introductory scuba diving course offered by Dive World on St. Thomas, U.S. Virgin Islands. The course was called "Discover Scuba Diving" and its purpose was to introduce scuba diving to persons with no previous scuba diving experience. Booth had no previous scuba diving experience. Before beginning the course, Booth filled in and signed a questionnaire (the "Questionnaire"). The second page of the Questionnaire contained a section entitled "Liability Release and Assumption of Risk Agreement" (the "Release"). Skillman, a Dive World employee, was the course instructor. During the course, Booth became separated from Skillman and other scuba divers and was soon found unconscious in the water. Resuscitation attempts failed, and Booth was pronounced dead shortly thereafter.

The Plaintiff, as personal representative of Booth's estate, brought this action against Bowen, as the owner of Dive World, and Skillman, as an employee of Dive World.[1] The first cause of action alleges breach of contract. The second cause of action alleges negligence, gross negligence, recklessness and

---

[1] The original complaint named additional defendants. The parties stipulated to the dismissal of these other defendants in July, 2007.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 3

intentional acts.  The Defendants now move for summary judgment only as to the negligence portion of the second cause of action.[2]

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial.  *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985).  The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ."  *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991).  "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477

---

[2] The Defendants have expressly reserved their right to address the other causes of action in separate motions for summary judgment. (Defs.' Mot. for Summ. J. at 4).

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 4

U.S. 242, 249 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id*. In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

**B.   Intent of the Contracting Parties**

In evaluating a contract, such as a waiver, the Court must first look to the intent of the parties as "objectively manifested by them and make a preliminary inquiry as to whether the contract is ambiguous." *Sunshine Shopping Ctr. v. Kmart Corp.*, 85 F. Supp. 2d 537, 540 (D.V.I. 2000) (citing *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994)). A contract is ambiguous when reasonable people in the parties' positions could think that the contract has two reasonably alternative interpretations. *Sunshine Shopping Ctr.*, 85 F. Supp. 2d at 540.

This Court has addressed the method of determining the intent of the contracting parties:

> [T]he Third Circuit applies the 'plain meaning rule' of interpretation of contracts, which assumes that the intent of the parties to an instrument is 'embodied in the writing itself, and when the words are clear and

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 5

>       unambiguous the intent is to be discovered only from
>       the express language of the agreement.'

*Sunshine Shopping Ctr.*, 85 F. Supp. at 540 (quoting *Hullet*, 38 F.3d at 111); *see also In re Unisys Corp. Long-Term Disability Plan ERISA Litig.*, 97 F.3d 710, 715 (3d Cir. 1996)("The strongest external sign of agreement between contracting parties is the words they use in their written contract." (quoting *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1009 (3d Cir. 1980))). Moreover, the contract must be "interpreted as a whole, and all writings that are part of the same transaction are interpreted together." *See* Restatement (Second) of Contracts, § 202(2).[3]

### III. ANALYSIS

The issues raised in this case are very similar to those raised in *Delponte v. Coral World V.I., Inc.*, Civ. No. 2002-216, 2006 U.S. Dist. LEXIS 59364 (D.V.I. Aug. 14, 2006), *aff'd* 233 Fed. Appx. 178 (3d Cir. 2007). In *Delponte*, this Court held that the plain meaning and effect of "releases . . . from claims . . . due to negligence" and "assumes all risks . . . whether foreseen or unforseen" in a waiver that the plaintiff had executed was that the plaintiff had released the defendant from all negligence liability.

---

[3] In the absence of local law to the contrary, the restatements of law apply in the Virgin Islands. 1 V.I.C. § 4.

In this case, paragraph 11 of the Release - one of only two paragraphs in all capital letters - expressly releases the Defendants "from all liability or responsibility whatsoever for personal injury, property damage or wrongful death, however caused, including but not limited to the negligence of [the Defendants], whether passive or active." (Defs.' Mot. for Summ. J., Exh. 1 at 2). Courts have routinely held that the word "negligence" in a waiver contract is sufficient to indemnify a party for its own negligence. *See Anderson v. Eby*, 998 F.2d 858, 862 (10th Cir. 1993) (enforcing a waiver provision that includes the term negligence noting that "[i]t would be difficult to draft a more plain statement of a waiver") (applying Colorado law); *see also Ki Ron Ko v. Bally Total Fitness Corp.*, Civ. No. 02-2360-GTV, 2003 U.S. Dist. LEXIS 19378, at *3 (D. Kan. Sept. 16, 2003) (enforcing a waiver provision that stated: "You are waiving any right that you may have to bring a legal action to assert a claim against us for our negligence") (applying Kansas law); *Street v. Darwin Ranch, Inc.*, 75 F. Supp. 2d 1296, 1301 (D. Wyo. 1999) (noting that a waiver provision that included the word negligence "could not be clearer") (applying Wyoming law).

Paragraphs five and seven broaden the Defendants' insulation from liability for negligence. Paragraph five asks the signor to accept "responsibility . . . for any injury, death or other

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 7

damages to me, my family, estate, heirs or assigns . . . ."[4] (Defs.' Mot. for Summ. J., Exh. 1 at 2). In paragraph seven, the signor agrees to "further release and hold harmless [the Defendants] from any claim or lawsuit by me, my family, estate, heirs or assigns . . . ."[5] *Id.* Courts have held that such language indemnifies parties against claims for negligent acts even where the word "negligence" is absent from the indemnity agreement. *See, e.g., In re Incident Aboard the D/B Ocean King*, 758 F.2d 1063, 1068-71 (5th Cir. 1985) (noting that the phrase "the entire cost and full liability" was sufficient to indemnify the draftor against negligence claims despite lacking specific language to that effect) (applying Louisiana law).

---

[4] Paragraph five states, in pertinent part:

> I understand and agree that neither the dive professionals conducting this program . . . nor the facility through which this activity is conducted . . . nor International PADI, Inc., . . . may be held responsible in any way for any injury, death or other damages to me, my family, estate, heirs or assigns . . . .

(Defs.' Mot. for Summ. J., Exh. 1 at 2).

[5] Paragraph seven states:

> I further release and hold harmless the Discover Scuba Diving Program and the Release Parties from any claim or lawsuit by me, my family, estate, heirs or assigns . . . .

(Defs.' Mot. for Summ. J., Exh. 1 at 2).

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 8

Finally, paragraph eight of the Release clearly explains the consequence of signing the Waiver to the signor:

> I further understand that skin diving and scuba diving are physically strenuous activities and that I will be exerting myself during this program and that if I am injured as a result of heart attack, panic, hyperventilation, etc., that I expressly assume the risk of said injuries and that I will not hold the Release Parties responsible for the same.

(Defs.' Mot. for Summ. J., Exh. 1 at 2). Similar language has also been held sufficient to enforce an indemnity provision that exempts a party's own negligence. *See Sander v. Alexander Richardson Invs.*, 334 F.3d 712, 715-16 (8th Cir. 2003) (enforcing a clause where defendant was released from all liability, noting that "all means all") (applying maritime law); *see also Szczotka v. Snowridge*, 869 F. Supp. 247, 250 (D. Vt. 1994) (enforcing a waiver agreement that included the phrase "accepting myself full and complete responsibility for any and all such damage, injury of any kind, or death which may result") (applying Vermont law).

Despite the clear language of the Release, the Plaintiff argues that even if the Release is enforceable against Booth, it should not be enforceable against Booth's heirs on public policy grounds. The Plaintiff further asserts that the Release cannot be enforceable against a class of individuals - Booth's heirs - who were not yet determined at the time the Release was executed. These arguments are unavailing.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 9

    The Court can find no support for the proposition that a written, validly executed release and assumption of the risk form that by its express language binds the signatory's heirs should nevertheless be deemed unenforceable as to the heirs for public policy reasons.  In fact, the case law of the Third Circuit points in the opposite direction.

    In *Grbac v. Reading Fair Co.*, 688 F.2d 215 (3d Cir. 1982), the Third Circuit affirmed the district court's summary judgment order for the defendant racetrack operators.  The plaintiff's decedent in that case had signed a form entitled "Release and Waiver of Liability and Indemnity Agreement" before entering a race at the defendants' track.  The form provided, in part, that the driver released the defendants

> from all liability to the Undersigned, his personal representatives, assigns, heirs and next of kin for all loss or damages, and any claim or demands therefor, on account of injury to person or property or resulting in death of the Undersigned, whether caused by negligence of the Releasees or otherwise. . . .

*Grbac*, 688 F.2d at 216.  The district court found the release enforceable against the decedent's widow and minor children because it "was not against public policy." *Id.*  Furthermore, when the plaintiff moved for reconsideration on the ground that the release did not bar the decedent's heirs from bringing a wrongful death suit, the district court explicitly found that "a release which is valid against the decedent does bar a wrongful

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 10

death action." *Id.* The Third Circuit found no error in the district court's conclusion.

The Court is mindful that the Virgin Islands wrongful death statute was designed to give heirs the right to recover for their pecuniary losses caused by their decedent's death. *Lecointe v. Schyunberg*, 268 F. Supp. 939, 940 (D.V.I. 1967), *aff'd*, 407 F.2d 59 (3d Cir. 1969). That policy is not in conflict with the strong public policy reasons for holding parties to their written word.

The Plaintiff's second argument is that there is a genuine question of material fact about whether the Defendants exhibited gross recklessness or recklessness.[6] These arguments are misplaced because the Defendants have moved for summary judgment only with respect to the Plaintiff's negligence claim.

---

[6] The Plaintiff asserts that before executing the Release, Booth affirmatively answered a question on the Questionnaire about whether he had "a history of fear of closed or open spaces or panic attacks." (Defs.' Mot. for Summ. J., Exh. 1 at 1). The Plaintiff further asserts that the Defendants told Booth, "you'll be fine," (Pls.' Resp. and Opp. to Defs.' Mot. for Summ. J. at 12), and gave him another Release to execute. The Plaintiff also argues that there is a question of fact about whether the Defendants were reckless in their supervision of Booth.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 11

## IV. CONCLUSION

Because there are no material facts in dispute, the Court will grant the Defendants' motion for partial summary judgment as to the negligence claim asserted in Count II of the complaint. An appropriate order follows.

**Dated: October 18, 2007**

                                            S\_____
                                              **CURTIS V. GÓMEZ**
                                                 **Chief Judge**

copy:     Hon. Geoffrey W. Barnard
           Thomas H. Hart, III, Esq.
           Leslie A. Kelley, Esq.
           Mark A. Hruska, Esq.
           Robert L. Parks, Esq.
           Barry L. Nace, Esq.
           Carol C. Jackson
           Lydia Trotman
           Claudette Donovan
           Olga Schneider
           Gregory F. Laufer