IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

VICTOR M. BOOTH, as Personal    )
Representative of the Estate    )
of STEPHEN M. BOOTH,            )
                                )
                Plaintiff,      )        Civil No. 2006-217
                                )
        v.                      )
                                )
JEANNE BOWEN, Individually      )
and d/b/a Dive World, Dive      )
World, Inc., a Virgin Islands   )
Corporation, and MICHELLE       )
SKILLMAN,                       )
                                )
                Defendants.     )
_____ )

ATTORNEYS:

Thomas H. Hart, III, Esq.
St. Croix, U.S.V.I.
        For the Plaintiff.

Leslie A. Kelley, Esq.
St. Croix, U.S.V.I.
        For the Defendants.

## MEMORANDUM OPINION

GÓMEZ, C.J.

    Before the Court is the motion of the defendants, Jeanne
Bowen ("Bowen"), individually and d/b/a Dive World, Inc. ("Dive
World"), and Michelle Skillman ("Skillman") (together, the
"Defendants"), for summary judgment against the plaintiff, Victor
M. Booth (the "Plaintiff"), as personal representative of the
estate of Stephen M. Booth ("Booth").

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2004, Booth participated in an introductory scuba diving course offered by Dive World on St. Thomas, U.S. Virgin Islands.  The course was called "Discover Scuba Diving" and its purpose was to introduce scuba diving to persons with no previous scuba diving experience.  Booth had no previous scuba diving experience.  Before beginning the course, Booth completed and signed a questionnaire.  The second page of the questionnaire contained a section entitled "Liability Release and Assumption of Risk Agreement" (the "Release").  Skillman, a Dive World employee, was the course instructor.  During the course, Booth became separated from Skillman and other scuba divers and was soon found unconscious in the water.  Resuscitation attempts failed, and Booth was pronounced dead shortly thereafter. Consequently, the Plaintiff, as personal representative of Booth's estate, brought this action against Bowen, as the owner of Dive World, and Skillman, as an employee of Dive World.[1]

Count One of the Complaint alleges breach of contract. Count Two alleges negligence, gross negligence, recklessness and intentional acts.  Count Three alleges punitive damages.  The Court granted the Defendants' motion for summary judgment as to

---

[1]   The original complaint named additional defendants.  The parties stipulated to the dismissal of these other defendants in July, 2007.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 3

the negligence claim in Count Two.[2]   The Defendants now move for
summary judgment as to all remaining claims.

## II.   DISCUSSION

Summary judgment is appropriate if "the pleadings, the
discovery and disclosure materials on file, and any affidavits
show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law."
FED. R. CIV. P. 56(c); *see also Hersh v. Allen Products Co.*, 789
F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no
genuine issue of material fact, but once this burden is met it
shifts to the non-moving party to establish specific facts
showing there is a genuine issue for trial.  *Gans v. Mundy*, 762
F.2d 338, 342 (3d Cir. 1985).  The non-moving party "may not rest
upon mere allegations, general denials, or . . . vague statements
. . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir.
1991).  "[T]here is no issue for trial unless there is sufficient
evidence favoring the non-moving party for a jury to return a
verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not
himself to weigh the evidence and determine the truth of the

---

[2] (*See* Mem. Op. and Order, Oct. 18, 2007.)

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 4

matter but to determine whether there is a genuine issue for

trial." *Id.*  In making this determination, this Court draws all

reasonable inferences in favor of the non-moving party. *See Bd.*

*of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster*

*v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III.  <u>ANALYSIS</u>

**A.   Count One**

In Count One, the Plaintiff alleges breach of contract.

Specifically, the Plaintiff alleges that Bowen contracted with

the Defendants to participate in a scuba diving program, and that

the Defendants subsequent failure to provide for Booth's safety

resulted in Booth's death.  Consequently, the Plaintiff seeks

rescission or cancellation of the Release, and damages.

The Defendants argue that they are entitled to summary

judgment because the Release specifically provides that Booth

waived any claims for wrongful death arising from the scuba

diving program.

Paragraph 11 of the Release - one of only two paragraphs in

all capital letters - expressly releases the Defendants

> from all liability or responsibility whatsoever for
> personal injury, property damage or wrongful death,
> however caused, including but not limited to the
> negligence of [the Defendants], whether passive or
> active.

(Answer, Exh. 1 at 2.)  Paragraphs five further provides:

> I understand and agree that neither the dive

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 5

>   professionals conducting this program . . . nor the
>   facility through which this activity is conducted . . .
>   nor International PADI, Inc., . . . may be held
>   responsible in any way for any injury, death or other
>   damages to me, my family, estate, heirs or assigns . .
>   . .

(Answer, Exh. 1 at 2.)  Finally, paragraph seven provides:

>   I further release and hold harmless the Discover Scuba
>   Diving Program and the Release Parties from any claim
>   or lawsuit by me, my family, estate, heirs or assigns .
>   . . .

(Answer, Exh. 1 at 2.)

An exculpatory agreement will be enforceable "if the language is sufficiently broad and unambiguous." *Joseph v. Church of God (Holiness) Acad.*, Civ. No. 338-2001, 2006 V.I. LEXIS 5, at *12 (Sup. Ct. May 12, 2006) (quoting *Eastern Airlines v. Ins. Co. of N. Am.*, 758 F.2d 132, 134 (3d Cir. 1985)).  A contract is ambiguous "if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Church Mut. Ins. Co. v. Palmer Constr. Co.*, 153 Fed. Appx. 805, 808 (3d Cir. 2005) (applying Pennsylvania law). However, "[e]ven if a Court construes an exculpatory clause as broad and unambiguous, such a clause may still be subject to challenges on public policy grounds." *Joseph*, 2006 V.I. LEXIS 5, at *13 n.10.

Here, there is only one way to understand the Release's hold harmless clause "from any claim or lawsuit."  That phrase clearly and unambiguously indemnifies the Defendants against the signor's

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 6

wrongful death claim under any theory of recovery.  Such a broad

indemnification logically includes the Plaintiff's breach of

contract claim.  As such, the Plaintiff's breach of contract

claim is barred as a matter of law.

Because the Defendants have met their initial burden of

showing that there is no genuine issue of material fact, the

burden of persuasion shifts to the Plaintiff to come forward with

evidence showing that there is a genuine triable question of

fact.

The Plaintiff seeks to meet his burden by arguing that even

if the Release is enforceable against Booth, it should not be

enforceable against Booth's heirs on public policy grounds.  The

Plaintiff further asserts that the Release cannot be enforceable

against a class of individuals - Booth's heirs - who were not yet

determined at the time the Release was executed.  That argument

was considered and rejected by the Court in its ruling on the

Defendants' motion for summary judgment as to the negligence

claim in Count Two.[3]  The Plaintiff essentially invites this

Court to treat Booth's heirs as having a greater right than Booth

---

[3] *See Booth v. Bowen*, Civ. No. 2006-217, 2007 U.S. Dist.
LEXIS 78721, at *9-11 (D.V.I. Oct. 18, 2007) ("The Court is
mindful that the Virgin Islands wrongful death statute was
designed to give heirs the right to recover for their pecuniary
losses caused by their decedent's death.  That policy is not in
conflict with the strong public policy reasons for holding
parties to their written word.") (internal citations omitted).

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 7

ever possessed.  The Court will decline that legally untenable invitation.

The Plaintiff next seeks to meet his burden by pointing the Court to the Complaint's prayer for rescission or cancellation of the Release.  For the reasons stated below, that prayer must go unanswered.

"Rescission of a contract is essentially the unmaking of the contract and abrogates all rights and responsibilities of the parties from its inception." *McDonald v. Frietze*, Civ. No. 419-1987, 1989 V.I. LEXIS 49, at *14 (Terr. Ct. Apr. 21, 1989). "Through equitable powers, a court may intervene to grant rescission when there are allegations of failure of consideration, fraud, and mistake." *Cabot v. Jamie Record Co.*, Civ. No. 96-4672, 1999 U.S. Dist. LEXIS 5549, at *15 (E.D. Pa. April 22, 1999).  "[R]escission is appropriate only under extraordinary circumstances when the complaining party has suffered a breach of such a fundamental and material nature that it affects the very essence of the contract and serves to defeat the object of the parties." *Castle v. Cohen*, 676 F. Supp. 620, 627 (E.D. Pa. 1987) (applying Pennsylvania law), *aff'd in relevant part*, 840 F.2d 173 (3d Cir. 1988).

Here, it is undisputed that there is no lack of consideration, fraud, or mistake, or any other basis upon which rescission may be founded. *See*, *e.g.*, *Harold v. McGann*, 406 F.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 8

Supp. 2d 562, 574 (E.D. Pa. 2005) (holding that rescission was not warranted where the plaintiff failed to allege facts supporting rescission).  As such, the Plaintiff has failed to meet his burden of showing that there is a genuine question of material fact in dispute.

Accordingly, the Court will grant the Defendant's motion as to Count One.

**B.    Count Two**

In Count Two, the Plaintiff alleges gross negligence, recklessness, and intentional acts.[4]

To support a claim of gross negligence, the Plaintiff here is required to show conduct that not only demonstrates "an unreasonable risk of physical harm to another" but also that "such risk is substantially greater than that which is necessary to make [the] conduct negligent."[5] RESTATEMENT (SECOND) OF TORTS § 500

---

[4]  In his opposition to the Defendants' motion, the Plaintiff asserts that he does not allege that the Defendants' acts were intentional, and thus does not oppose the motion as to that claim.

[5]  Virgin Islands courts have defined gross negligence as "wanton and reckless disregard for others." *See Tutein v. Parry*, Civ. No. 00-80, 2006 V.I. LEXIS 27, at *15 (Sup. Ct. Oct. 24, 2006) (discussing gross negligence in the context of V.I. CODE ANN. tit. 20, § 555).  Gross negligence has also been held to signify "a greater want of care than is implied by ordinary negligence," and described as "the want of even scant care and the failure to exercise even that care which a careless person would use." *See Fialkowski v. Greenwich Home for Children, Inc.*, 921 F.2d 459, 462 (3d Cir. 1990) (internal quotations and citations omitted).

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 9

(1965).

The factual allegations underlying Count Two are undisputed. Those allegations involve an exchange between Booth and a Dive World employee that occurred before the dive began. Booth completed the Release, initially answering in the affirmative a question about whether he was claustrophobic. Booth thereafter asked a Dive World employee about his claustrophobia. The employee told Booth not to worry, and handed him a new release.[6] Booth completed and signed the new release, this time answering that same question in the negative.[7]

_____

[6] With respect to questions about the dive participant's medical history, the Release provides, in pertinent part:

> Please answer the following questions on your past and present medical history with a YES or NO. If you are not sure, answer YES. If any of these items apply to you, we must request that you consult with a physician prior to participating in scuba diving. Your instructor will supply you with a PADI Medical Statement and Guidelines for Recreational Scuba Diver's Physical Examination to take to a physician.

(Answer, Exh. 1 at 1.) The record does not reflect that any of the protocols listed in the above section of the Release were followed.

[7] The Plaintiff has submitted the deposition of defendant Bowen. The Plaintiff points to the following exchange during that deposition:

> Q:   If someone marked that they had a problem with
>       enclosed spaces, anxiety, panic, claustrophobia,
>       marked any of those things, would it be wrong to
>       give them a new form and tell them to write no on
>       that?
> A:   Yes sir, it would be wrong.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 10

        To meet their burden, the Defendants argue that the conduct
alleged by the Plaintiff does not rise to the level of gross
negligence or recklessness as a matter of law.  However, the
cases upon which the Defendants rely fail to support that
argument.[8]

        The Defendants also contend that even if their conduct
amounts to gross negligence or recklessness, the Plaintiff's
claims are necessarily precluded by the Release.  That assertion
finds little support.  Section 195 of the Restatement (Second) of

---

        Q:   That would be against PADI standards?
        A:   Yes sir.

(Bowen Dep. 27:23-28:4, June 11, 2007.)  The Plaintiff contends
that this exchange shows that "the Defendants acted recklessly
and with gross negligence *before* Mr. Booth signed the Release."
(Pl.'s Resp. and Opp'n to Defs.' Second Mot. for Summ. J. 9)
(emphasis in original).

[8]  The Defendants rely in part on a case from a Washington
State court of appeals.  That case is distinguishable because the
plaintiff in that case "neither alleged gross negligence in her
complaint, nor amended it to make that allegation, nor provided
the court with any evidence supporting an allegation of gross
negligence." *See Boyce v. W.*, 862 P.2d 592, 597 (Wash. Ct. App.
1993).  Here, the Plaintiff alleged gross negligence in the
Complaint and has provided the Court with evidence of such.  The
Defendants' reliance on *Olivelli v. Sappo Corp.*, 225 F. Supp. 2d
109 (D.P.R. 2002) is also misplaced because the *Olivelli* Court
found that "the only evidence that Plaintiffs could rely on is
their own self-serving characterization of the record evidence."
*Id.* at 120.  Here, the Plaintiff has not merely characterized the
record; he has adduced competent evidence that a rational fact-
finder could interpret as gross negligence.  Finally, the
Defendants' reference to *Grbac v. Reading Fair Co.*, 521 F. Supp.
1351 (W.D. Pa. 1981) is unhelpful because the facts of that case
are wholly distinguishable from those in the matter before this
Court.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 11

Contracts provides that "[a] term exempting a party from tort liability for harm caused intentionally or recklessly is unenforceable on grounds of public policy."[9] RESTATEMENT (SECOND) OF CONTRACTS § 195(1) (1981).  The position of the Restatement accords with that of other jurisdictions. *See*, *e.g.*, *Farina v. Mt. Bachelor, Inc.*, 66 F.3d 233, 235 (9th Cir. 1995) ("[T]he Oregon Supreme Court [has] held that an exculpatory clause is only legal if it seeks to exempt liability for ordinary negligence."); *Milne v. USA Cycling, Inc.*, 489 F. Supp. 2d 1283, 1287 (D. Utah 2007) ("The Utah Supreme Court has repeated . . . that releases are invalid against claims of gross negligence."); *Duncan v. Ryba Co.*, Civ. No. 98-194, 1999 U.S. Dist. LEXIS 12424, at *10 (W.D. Mich. Aug. 6, 1999) ("Under Michigan law it is recognized that a release clause absolving a party from liability for gross negligence is against public policy."); *In re Pacific Adventures, Inc.*, Civ. Nos. 97-216 and 97-325, 27 F. Supp. 2d 1223, 1224 (D. Haw. 1998) (noting that "Hawaii law would invalidate the Release because a release of liability for gross negligence violates public policy"); *Wolfgang v. Mid-American Motorsports*, 898 F.

---

[9]   "The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases in which they apply, in the absence of local laws to the contrary." V.I. CODE ANN. Tit. 1, § 4.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 12

Supp. 783, 788 (D. Kan. 1995) ("To the extent that the release
attempts to limit liability for gross negligence or willful and
wanton conduct, it is unenforceable.") (applying Kansas law);
*Delmonico, Inc. v. Orkin Exterminating Co.*, 1993 U.S. Dist. LEXIS
14833, at *3 (D. La. Oct. 20, 1993) ("The contract cannot, as a
matter of public policy, release the defendant's liability in
advance for gross negligence, as that is liability which arises
under tort law.") (applying Louisiana law).  Accordingly, any
portion of the Release that purports to bar the Plaintiff's gross
negligence and recklessness claims are void as a matter of public
policy.

Gross negligence is generally a question of fact for the
jury to decide.[10] *Maleka Cohen v. Kids Peace Nat'l Ctrs., Inc.*,
No. 06-3041, 2007 U.S. App. LEXIS 26441, at *6 (3d Cir. 2007)
(applying Pennsylvania law).  However, a court may decide the
issue as a matter of law where the conduct in question falls
short of gross negligence, the case is entirely free from doubt,
and no reasonable jury could find gross negligence. *Id.*
(quotations omitted).

Here, viewing the facts in the light most favorable to the
Plaintiff, the Court cannot rule as a matter of law that the

---

[10]   *See*, *e.g.*, 10A Wright and Miller, Federal Practice and
Procedure § 2729; V. Woerner, Annotation, *Propriety of Granting
Summary Judgment in Case Involving Issue of Gross or Wanton
Negligence*, 50 A.L.R.2d 1309.

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 13

Defendants were not grossly negligent or reckless in telling

Booth not to worry about his claustrophobia and having him

complete a new release.

Accordingly, summary judgment will be denied as to Count

Two.

**C.    Count Three**

In Count Three, the Plaintiff alleges that he is entitled to

punitive damages.

To meet their burden of demonstrating the absence of a

genuine triable fact, the Defendants point the Court to the

legislative history of the Virgin Islands Wrongful Death Statute,

as interpreted by this Court.

In *Street v. Aqua Action*, Civ. No. 76-36 (D.V.I. Nov. 29,

1976), this Court held that punitive damages are not available in

wrongful death actions in the Virgin Islands.  The Court has

since reaffirmed that conclusion. *See*, *e.g.*, *Boyd v. Atlas Motor

Inn, Inc.*, Civ. No. 78-242, 1979 U.S. Dist. LEXIS 11348, at *2-3

(D.V.I. June 29, 1979); *see also Williams v. Dowling*, 318 F.2d

642, 644 (3d Cir. 1963); RESTATEMENT (SECOND) OF TORTS § 908 cmt. a

(1979) ("Punitive damages are not awarded against the

representatives of a deceased tortfeasor nor, ordinarily, in an

action under a death statute.").

Based on this evidence, the Court finds that the Defendants

have met their burden of showing the absence of a disputed

*Victor M. Booth v. Jeanne Bowen, et al.*
Civil No. 2006-217
Memorandum Opinion
Page 14

material fact.  The Plaintiff does not oppose the Defendants'

arguments as to Count Three.  Accordingly, the Court will award

summary judgment for the Defendants on that count.

### IV.   <u>CONCLUSION</u>

Because there are no material facts in dispute as to the

claims in Counts One and Three, the Court will grant the

Defendants' motion for summary judgment as to those counts.  The

claims asserted in Count Two, however, raise genuine questions of

material fact, and thus the motion will be denied as to that

count.  The question whether the Defendants were grossly

negligent or reckless thus remains for trial.

An appropriate order follows.


**Dated: January 10, 2008**

                                    S_____
                                         **CURTIS V. GÓMEZ**
                                          **Chief Judge**



copy:     Thomas H. Hart, III, Esq.
          Leslie A. Kelley, Esq.
          Mark A. Hruska, Esq.
          Robert L. Parks, Esq.
          Barry L. Nace, Esq.