IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| VICTOR M. BOOTH as Personal Representative of the Estate of STEPHEN M. BOOTH, | ) ) ) ) |
| Plaintiff, | ) ) Civil No. 2006-217 |
| vs. | ) ) ) |
| JEANNE BOWEN, individually and d/b/a DIVE WORLD, DIVE WORLD, INC., a Virgin Islands Corporation, and MICHELLE SKILLMAN, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are the following motions filed by plaintiff:

(1) Petition for Acceptance of Final Account and Distribution of Guardianship [sic] Estate [DE 63];[1]

(2) Motion for Distribution of Settlement Funds [DE 65];

(3) Motion for Costs and Attorney's Fees[2] [DE 68]; and

(4) Amended Petition for Acceptance of Final Account and Distribution of Guardianship [sic] Estate [DE 79].

### I. PROCEDURAL BACKGROUND

On July 20, 2004, Stephen Booth, Victor Booth's brother, died in a diving accident on St. Thomas while under the supervision of the defendants. [DE 60]. On July 19, 2006, Mr. Booth was appointed personal representative of Stephen Booth's estate for the purposes of pursuing

---

[1] In light of plaintiff's filing of an amended petition, the Court DENIES AS MOOT plaintiff's petition for acceptance of final account and distribution of guardianship [sic] account. [DE 65].

[2] In his motion for costs and attorney's fees, Victor Booth ("Mr. Booth") refers to himself as "Guardian *ad Litem*." However, as this case is closed, and Mr. Booth is in possession of the funds due Cameron Booth, "[his] proper title is 'guardian of the property of' the minor[]." *Penn v. Carib Gas Corp.*, 1988 U.S. Dist. LEXIS 18432, at *2 (D.V.I. May 2, 1988)

legal claims on behalf of his survivors – his mother, Barbara L. Brooks ("Ms. Brooks"), and his minor son, Cameron Booth. *Id.* That same day, Victor Booth commenced the instant action. [DE 1].

On December 17, 2008, the parties advised the Court of their agreement to settle the case for $600,000.00, with Cameron Booth and Ms. Brooks receiving $525,000.00 and $75,000, respectively, less attorneys' fees and a *pro rata* share of litigation expenses. [DE 58, DE 60]. On December 18, 2008, the Court appointed Victor Booth as guardian[3] on behalf of Cameron Booth with regard to the settlement proceeds until Cameron Booth reached eighteen years of age pursuant to 15 V.I.C. § 823.[4] [DE 60]. On March 15, 2012, Mr. Booth filed the following:

(1) Petition for Acceptance of Final Account and Distribution of Guardiship [sic] Estate [DE 63], seeking

    (a) termination of his guardianship,[5]
    (b) acceptance of the final account,
    (c) just compensation for services rendered and fees incurred in the performance of his guardianship duties;[6] and
    (d) authorization to pay over to Cameron Booth any guardianship estate funds owed to him.

(2) Motion for Distribution of Settlement Funds [DE 65]; and

(3) Motion for Costs and Attorney's Fees [DE 68].

---

[3] "'Guardian' means a person who has qualified as a guardian of a minor or incapacitated person pursuant to appointment by a parent or spouse, or by the court. The term includes a limited, emergency, and temporary substitute guardian but not a guardian ad litem." 15 V.I.C. § 5-102(3).

[4] 15 V.I.C. § 823 was repealed on October 1, 2011. 2009 V.I. Sess. Laws 7150.

[5] "A guardianship of a minor terminates upon the minor's death, adoption, emancipation or attainment of majority or as ordered by the court." 15 V.I.C. § 5-210(a). To evidence Cameron Booth's age, Mr. Booth attached to his petition a copy of Cameron Booth's birth certificate issued by the Department of Human Services in the District of Columbia, which indicates Cameron Booth turned eighteen on May 19, 2010. Mr. Booth also attached Cameron Booth's purported driver's license; however, this document does not identify itself as such nor does it expressly indicate the issuing state. Rather, it includes a "VIRGINIA SAFETY SECURITY SERVICE" watermark and a "DMV www.dmvNow.com" stamp, in addition to Cameron's photo and signature and a Virginia address.

[6] A "guardian is entitled to reasonable compensation for services as guardian." 15 V.I.C. § 5-209.

On July 24, 2012, the Court held a hearing in this matter, finding the accounting incomplete in part due to a lack of verification. That same day, the Court issued an order, directing Mr. Booth to

(1) file a verified complete accounting of the settlement proceeds during the period of administration by August 24, 2012;[7]

(2) file a verified revised guardian's fee request, by August 24, 2012, detailing the date, time and services performed for which he sought compensation since his guardianship appointment;

(3) serve copies of the July 2012 order and all subsequent filings upon Cameron Booth via certified mail, return receipt requested; and

(4) file proof of such service with the Court.

On September 24, 2012, Mr. Booth filed an amended verified final account of guardian. [DE 76].[8] On September 25, 2012, the Court held a second hearing in this matter, during which Mr. Booth's counsel orally requested an extension to comply with the July 2012 order. [DE 73]. That same day, the Court issued a second order identical in substance to the July 2012 order, advising the requested documentation be filed no later than October 12, 2012. [DE 78].

On October 2, 2012, Mr. Booth filed an amended petition for acceptance of final account and distribution of guardiship [sic] estate [DE 79], identical in substance to the March 2012 petition with the exception of reliance on the amended verified account [DE 76] filed in September 2012. A third hearing was held in this matter on November 16, 2012, and based on the evidence received during the hearing, together with matters of record in this case, the Court enters the following:

---

[7] The guardian shall "account for money and other assets in the guardian's possession or subject to the guardian's control, as ordered by the court on application of any person interested in the ward's welfare or as required by court rule." 15 V.I.C. § 5-207(b)(5).

[8] Docket entry 76 references exhibits A and B; however, no exhibits were attached. Rather, the referenced exhibits were filed on October 2, 2012. [DE 80].

*Booth v. Bowen, et al.*
Civil No. 2006-217
Page 4

## II. FINDINGS OF FACT

**A. Amended Petition for Acceptance of Final Account & Distribution of Guardiship [sic] Estate**

1. Cameron Booth turned eighteen years of age on May 19, 2010 and is thus no longer a minor.[9]

2. A settlement check in the amount of $322,720.94 was issued on January 29, 2009 to Victor Booth as Guardian for Cameron Booth. [DE 64-2].

3. In March 2009, Victor Booth deposited $322,720.94[10] with RBC Wealth Management ("RBCWM") into mutual fund account number XXX-40145 ("the mutual fund account").

4. In August 2009, RBCWM transferred $161,361.00 of the settlement proceeds and interest accrued thereon into electronically traded fund account number XXX-83358 ("the ETF account"). [DE 80-2 at 2].

5. As of June 30, 2012, total assets equaled $387,027, comprised of $197,559 in the mutual fund account and $189,468 in the ETF account.[11] [DE 80-2 at 2-3].

6. Total investment income as of June 30, 2012 equaled $64,307.00 ($387,027 - $322,720).

7. Victor Booth made no withdrawals or deductions from the settlement funds entrusted to him.

8. On October 18, 2012, Victor Booth filed a Guardian's Notice of Service, stating copies of the "Amended Petition for Acceptance of Final Account and Distribution of Guardianship Estate with attachments" and the "Amended Verified Final Account with attachments" were served on Cameron Booth and his attorney, Frank Canale, Esq. [DE 81].[12]

9. Cameron Booth received and signed for said documents on October 13, 2012. [DE 81-2].

---

[9] A minor means "an unemancipated individual who has not attained 18 years of age." 15 V.I.C. § 5-102(6).

[10] The July 24, 2010 mutual fund Account Workbook statement from RBCWM summarizing the performance of the mutual fund account from March 2009 to June 2012 indicates an initial cash value of $322,709.20 – $11.74 less than the amount of the settlement proceeds. The $11.74 differential appears as a "cash-in" amount for July 2010 on the ETF Account Workbook statement. *See* [DE 80-2 at 2].

[11] The Account Workbook for the mutual fund account and the ETF account both reflect a rounded total account value.

[12] The Guardian's Notice of Service does not indicate that a copy of the Court's September 25, 2012 Order was served upon Cameron Booth.

8.      A letter dated October 2, 2012 accompanied the amended petition and amended final account sent to Cameron Booth, advising he had 21 days from the receipt thereof to file objections with the Court. [DE 81-1].

9.      Cameron Booth has not filed a response or objection with the Court.

**B.      Motion for Distribution of Settlement Funds**

10.     Victor Booth seeks authorization to disburse $77,799.17 to himself as guardian for time ($70,787.50),[13] out-of-pocket expenses ($3,534.08) and legal fees ($3,477.59). [DE 65].

11.     During the September 25, 2012 hearing, counsel for Victor Booth advised that it was his understanding that Victor Booth and Cameron Booth intended on filing a joint stipulation as to guardian fees.  However, during the November 16, 2012 hearing, counsel for Victor Booth advised no such stipulation was forthcoming.

12.     The attachment to Victor Booth's affidavit submitted in support of his claimed time and expenses consists primarily of activities performed prior to his December 18, 2008 guardianship appointment with the exception of four entries.  [DE-67.1].

13.     Two of the four entries request reimbursement for activities performed over the course of many years, and in particular, a 20 hour time entry for activities performed between "07/20/04 – 05/10" and a 672 hour time entry for additional activities performed between "08/04 – 05/10."

14.     The remaining two entries are for conference calls made on December 30, 2008 and May 18, 2009 totaling three hours.

15.     All out-of-pocket expenses sought by Victor Booth pre-date his guardianship appointment. [DE 67-1].

16.     Victor Booth failed to file a "verified revised guardian's fee request" in accordance with the Court's September 25, 2012 order.  [DE 78].

17.     Victor Booth did not present a verified revised guardian's fee request during the November 16, 2012 hearing.

---

[13]    Victor Booth contends he is entitled to an hourly rate of $87.50 (the average of the alleged compensation to executors and guardians in the U.S. Virgin Islands) and claims 809 hours of work performed in his capacity as guardian.  [DE 67].

### III.   ANALYSIS

A.   **Compensation of Guardian**

Under Virgin Islands law, "[a] guardian is entitled to reasonable compensation for services as guardian . . . ." 15 V.I.C. § 5-209; *see also Mutual Life Ins. Co. v. Ginsburg*, 228 F.2d 881, 883 (3d Cir. 1956) (stating "[i]f a guardian is properly appointed and renders services he certainly should be paid"). The Virgin Islands Code, however, does not define "reasonable." Mr. Booth does not direct the Court to any authority advising as to the standard compensation paid to a guardian of the property of a minor under Virgin Islands law. Rather, Mr. Booth states in his affidavit that "[u]pon information and belief, . . . executors and guardians in the US Virgin Islands are typically compensated at a rate between $75 and $100 per hour." [DE 67 ¶ 5]. Taking the average of the two, Mr. Booth contends he is entitled to $87.50 per hour for his guardianship services.

The Court's own research has uncovered only two cases from the District of Virgin Islands, and no territorial law cases, discussing compensation rates for guardians. In *Penn v. Carib Gas Corporation*, the court, in considering a fee request by an attorney serving as guardian of the property of three minor children, explained "[i]t has become virtually standard compensation in this district, at least in the Division of St. Croix, that reasonable compensation to the guardian of the property of a minor is one-half of one percent of the gross assets of the ward per annum . . . ." 1988 U.S. Dist. LEXIS 18432, at *4 (D.V.I. May 2, 1988). In *Richards v. Duke University*, the court considered a $250 per hour fee request by an attorney appointed as a guardian *ad litem* by the court. 2007 U.S. Dist. LEXIS 96683, at *6 (D.V.I. July 17, 2007). After initially denying the request due to a lack of supporting documentation, the court authorized a payment of fees at the rate of $90 per hour – the then-rate paid to court-appointed counsel.

While Mr. Booth has managed Cameron's Booth property since March 2009, Mr. Booth's request for fees indicates his guardianship was primarily a passive and not an active one. There are no entries, for example, regarding meetings or discussions with a RBCWM financial analyst as to investment strategies or concerns. Indeed, his time sheet indicates he spent minimal time and effort in the care of said property. As such, compensation via an hourly rate is appropriate in the instant matter as a fee award equal to a percentage of the settlement proceeds on an annual basis would be excessive.[14]

Based on the timesheet filed in March 2012 [DE 67-1], Mr. Booth is entitled to <u>at most</u> payment for two conference calls – totaling three hours – which were held on December 30, 2008 and May 18, 2009. [DE 67-1]. However, Mr. Booth submitted no documentation to facilitate the Court's determination as to whether he is entitled to compensation for his time expended during these conference calls. Mr. Booth is not entitled to expenses based on the "07/20/04 – 05/10" and "08/04 – 05/10" time entries as the Court cannot ascertain the portion of each involving his tenure as guardian and the services performed in that capacity. Moreover, Mr. Booth is not entitled to any of the claimed out-of-pocket expenses ($3,534.08) as such expenses were incurred prior to his guardianship appointment. [DE 67, DE 67-1].

**B.    Awarding Attorney's Fees out of Cameron Booth's Property**

Mr. Booth also seeks reimbursement for attorney's fees incurred "in connection with the filing of his Petition for Acceptance of Final Account and Distribution of Guardian Estate, and related documents." [DE 66] (emphasis omitted). Mr. Booth cites no authority allowing a guardian's attorney fees to be paid out of a minor's property. Under the relevant statutory authority governing the guardianship of a minor, "a guardian is entitled to reasonable

---

[14]    Based on the total monthly values for each account, a few award equal to a percentage of the settlement proceeds on an annual basis would equate to $7,678.88 ($3,858.28 for the mutual fund account + $3,820.60 for the ETF account).

compensation for services as guardian and to reimbursement for room, board, and clothing provided by the guardian to the ward, but only as approved by the court." 15 V.I.C. § 5-209. The statute is silent as to attorney's fees. The Court notes also that "services" is undefined. 15 V.I.C. § 1-201.

## IV. CONCLUSIONS OF LAW

1. As Cameron Booth has attained the age of 18, Mr. Booth's guardianship is terminated and Mr. Booth is relieved of his duty as such.

2. The settlement funds have been properly administered by Victor Booth.

3. Victor Booth is not presently entitled to a guardian fee due to his failure to file a verified guardian request.

Based on the foregoing FINDINGS OF FACT and CONCLUSIONS OF LAW, it is hereby ORDERED that

(1) the Petition for Acceptance of Final Account and Distribution of Guardiship [sic] Estate [DE 63] is DENIED AS MOOT;

(2) the Motion for Distribution of Settlement Funds [DE 65] is ALLOWED IN PART and DENIED IN PART. In particular, RBC Wealth Management shall keep $30,000 in the guardianship estate, from which the Court may order the payment of the guardian's time, expenses and attorney's fees therefrom at a future date. RBC Wealth Management shall immediately disburse the balance of the funds remaining in the guardianship estate to Cameron Booth.

(3) the Motion for Costs and Attorney's Fees [DE 68] is DENIED without prejudice. Victor Booth is DIRECTED to file a renewed motion supported by authority for the payment of attorney's fees incurred by Victor Booth as guardian out of Cameron Booth's funds; and

(4) the Amended Petition for Acceptance of Final Account and Distribution of Guardiship [sic] Estate [DE 79] is DENIED without prejudice. Victor Booth is DIRECTED to file a revised petition supported by a verified guardian's fee request detailing the date, time and services performed since his guardianship appointment. Victor Booth is further DIRECTED to submit authority for an appropriate hourly rate for his services as guardian.

(5) All renewed motions with supporting documentation are due by **December 17, 2012.** Failure to follow this Order will result in a court order directing RBC Wealth Management to disburse the remaining $30,000 in the guardianship estate, plus any interest accrued thereon, to Cameron Booth.

(6) Victor Booth shall serve copies of this Order and all subsequent filings upon Cameron Booth via certified mail, return receipt requested; and

(7) Victor Booth shall file proof of such service with the Court.

**Dated:** November 19, 2012                S\_____
                                            **RUTH MILLER**
                                            United States Magistrate Judge